UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NOEL PONIEWAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10-CV-867 (CEJ) |
| | ) | |
| REGENT ASSET MANAGEMENT | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment pursuant to Rule 55, Fed.R.Civ.P.

Plaintiff filed its complaint on May 11, 2010 alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq (FDCPA). Defendant was served on May 25, 2010. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), defendant was required to file an answer within twenty-one days of being served. Defendant failed to do so and the Clerk of Court, upon plaintiff's motion, entered default against defendant on June 28, 2010. Plaintiff filed this motion for default judgment on August 13, 2010.

### I.    Service

The affidavit of service filed by plaintiff states that service was made upon, "Lovina Sullivan as Secretary to C.E.O. for Regent Asset Management Solutions Inc." Effective service may be made by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." See Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). Although service upon the secretary of a person authorized by state law to accept service is insufficient under Missouri law, Colorado holds such service effective. See American Cleaners and Laundry Co., Inc. v. Bio Star Films LLC, Slip Copy, 2009 WL

4559327 (E.D. Mo. 2009); <u>Goodman Associates, LLC v. WP Mountain Properties, LLC</u>, 222 P.3d 310 (Colo. 2010). As a result, service was effective on May 25, 2010.

## II.     Plaintiff's FDCPA Claims

Plaintiff states in her affidavit filed in support of this motion that defendant, through one of its employees, called plaintiff's home on or about March 19, 2010 to collect a debt owned by plaintiff to U.S. Bank. Plaintiff claims that during the phone call, defendant asked plaintiff whether she had received a summons yet and implicitly represented that a summons had been issued. Defendant then allegedly told plaintiff that she would receive a summons in relation to a lawsuit filed against her if she did not pay the debt owed to U.S. Bank. Plaintiff further states that defendant has not filed a lawsuit against her, never intended to file a lawsuit, and in fact, lacked authority to do so. Plaintiff further states that she informed defendant that she was unable to pay the debt. An employee of defendant named Cliff called plaintiff a second time and hung up on her when plaintiff asked to speak with a supervisor. Plaintiff requests actual damages in the amount of $1,500.00 for emotional distress, statutory damages in the amount of $1,000.00 and attorney's fees and costs in the amount of $2,469.00.

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." <u>United States v. $345,510.00 in U.S. Currency</u>, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. <u>United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See <u>Fingerhut Corp. v. Ackra Direct Marketing Corp.</u>, 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See <u>Taylor</u>

v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also prohibits the use of "unfair or unconscionable means" to collect any debt. 15 U.S.C. § 1692f. In determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-318 (8th Cir.2004); Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir.2002). Any debt collector who fails to comply with any provision of the FAA is liable for "actual damages sustained by such person," "such additional damages as the court may allow, but not exceeding $1,000," and "any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(1)-(3). In determining the amount of liability, the Court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Based on the allegations in plaintiff's complaint and the affidavit filed in support of this motion, the Court finds that defendant violated provisions of the FDCPA. 15 U.S.C. § 1692, et seq.

III.   Damages and Fees

Plaintiff supports her claim for actual damages by stating that she "suffered, and continues to suffer, mental anguish and emotional distress," that it was very distressing to "be threatened with a lawsuit" and "to try and speak with a supervisor and being hung up on." The court finds plaintiff's requested actual damages excessive in light of the factors stated in 15 U.S.C. § 1692k(b)(1) as applied by other courts. See Jenkins v. Eastern Asset Management, LLC, Slip Copy, 2009 WL 2488029 (E.D. Mo. 2009) (awarding $2,000 actual damages for similar, albeit more egregious, conduct then is alleged here). Plaintiff alleges only two phone calls, to her private residence, without any further misconduct on the part of defendant. The Court will therefore award plaintiff $500.00 in actual damages in compensation for the mental distress caused by the two brief phone calls initiated by defendant and $1,000.00 in statutory damages as provided in 15 U.S.C. § 1692k(a)(2).

Plaintiff's counsel has filed an affidavit detailing the tasks completed by each attorney in the handling of plaintiff's case. Upon review, the Court finds the number of hours expended and the hourly rate for each attorney to be reasonable. The Court further finds that the attorney's fees in the amount of $2,064.00 and costs in the amount of $405.00 are reasonable and necessary in light of other attorney's fees and costs awarded in comparable cases. See Id. (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #9] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

*Carol E. Jackson*

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2010.